**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-4963**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JESSE ROBINSON,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge.  (1:04-cr-
00219-AMD)

───────────────

Submitted:  May 25, 2007                    Decided:  July 11, 2007

───────────────

Before WILKINSON and MICHAEL, Circuit Judges, and WILKINS, Senior
Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Harold I. Glaser, GLASER & SOLOMON, L.L.C., Baltimore, Maryland,
for Appellant.  Rod J. Rosenstein, United States Attorney, James T.
Wallner, Special Assistant United States Attorney, Baltimore,
Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Robinson was convicted by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court found that Robinson's criminal history qualified him for sentencing under the Armed Career Criminal Act ("ACCA"), and sentenced Robinson to 235 months of imprisonment under the then-mandatory federal sentencing guidelines.[1]

We previously affirmed Robinson's conviction, but vacated his sentence, and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).[2] At resentencing, the district court sentenced Robinson to 220 months' imprisonment, fifteen months below the advisory guidelines range. Robinson again appeals, contending that the district court misapplied Booker, that the prosecutor improperly "vouched" to the court during sentencing

---

[1]The probation officer assigned Robinson a base offense level of twenty-four based U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(2) (2004), because Robinson had at least two prior felony convictions for controlled substance crimes, and then applied an enhancement pursuant to USSG § 4B1.4, bringing his total offense level to thirty-three, with an attendant guidelines range of 235 to 293 months' imprisonment. The probation officer also assigned Robinson a criminal history category of VI.

[2]We also found to be without merit Robinson's claim that the district court erred under Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 200 (2005), when it found him eligible for sentencing under the ACCA based on predicate convictions that had neither been found by a jury nor admitted by him.

- 2 -

regarding prior charged conduct, and that the district court erred in sentencing Robinson under the ACCA, on the basis that the district court failed to properly apply 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006).  We affirm.

Robinson first asserts that the district judge misapplied the Court's holding in Booker, noting that the error was predicated on "improper vouching" by the prosecutor during sentencing.  He contends that by calling attention to the facts underlying the instigation of the federal charges against him, the prosecutor influenced the district court to give Robinson a harsher sentence. The statements to which Robinson objects were made at both the original sentencing hearing, as well as the resentencing hearing, and related to Robinson's prior arrest and trial for attempted murder in the Circuit Court for Baltimore City, which trial ended in a hung jury.  Robinson alleges that the Government erred in asking the district court to consider a charge for which Robinson had never been convicted, and asserts the district court gave improper consideration to facts that were collateral to the § 3553(a) factors in determining Robinson's sentence.

As Robinson did not challenge the prosecutor's statements at the sentencing hearing, we review his claim for plain error. United States v. Olano, 507 U.S. 725, 732 (1993).  "Vouching occurs when the prosecutor indicates a personal belief in the credibility or honesty of a witness."  United States v. Sullivan, 455 F.3d 248,

259 (4th Cir. 2006) (quoting United States v. Sanchez, 118 F.3d 192, 198 (4th Cir. 1977)). In this case, the prosecuting attorney's comments did not convey, either implicitly or explicitly, an expression of the prosecutor's or the Government's opinion as to the veracity of any witness. See Sanchez, 118 F.3d at 198) (prosecutor's comment not an expression of opinion). Rather, the remarks in this case were made to the judge at sentencing, and had nothing to do with any witness. As such, we find that the comments were not vouching at all, as alleged by Robinson. In addition, the statements were not improper, as the prosecutor simply was stating the procedural posture of the case in the state system and asserting that Robinson would have been retried but for the federal conviction. None of the statements to which Robinson objects were of the prosecutor's personal beliefs regarding any witness, about the merits of the dismissed charges, nor about the outcome of a second state trial had one occurred. Moreover, it has been established even before Booker was decided that courts are free to consider dismissed or even acquitted conduct when formulating a sentence. See, e.g., United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998).[3] Finally, pursuant to

_____

[3]Robinson's contention that by calling attention to the facts underlying the instigation of the federal charges against him, the prosecutor influenced the district court to give Robinson a harsher sentence, is directly contradicted by the district court's statement at sentencing that its reason for sentencing Robinson to fifteen fewer months than it had when it originally sentenced Robinson was because it wanted to give him credit for the time he

- 4 -

§ 3553(a)(1), Robinson's criminal history and characteristics properly are subject to the district court's consideration when formulating a sentence. Accordingly, we find that Robinson failed to demonstrate error with regard to the prosecutor's statements relative to the state court charges, and, as discussed more fully below, we further find that the district court fully complied with Booker in resentencing Robinson under an advisory guidelines scheme.

Robinson again asserts district court error in enhancing his sentence under the ACCA, basing his challenge on the district court's alleged failure to consider all the factors in § 3553(a) in determining his sentence. Specifically, he claims the district court failed to consider a series of exhibits he presented to it, including letters from his parents, his high school diploma, and evaluations and certificates of completion from various drug rehabilitation programs and educational and vocational classes, challenges the district court's failure to grant his requested departure due to the alleged over representation of the seriousness of his criminal history, his young age, and his drug and alcohol abuse history, and he claims the district court failed to "adequately" factor in the need to provide him with educational or vocational training, medical care, or other correctional treatment.

---

served in the State institution while awaiting trial on the attempted murder case.

In imposing a sentence after <u>Booker</u>, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). Next, the court must "determine whether a sentence within that range . . . serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." <u>United States v. Green</u>, 436 F.3d 449, 456 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006). The district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guidelines range. <u>See</u> 18 U.S.C.A. § 3553(c) (West Supp. 2006); <u>Hughes</u>, 401 F.3d at 546 & n.5. The explanation of a variance sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary. <u>See</u> <u>Green</u>, 436 F.3d at 455-56. The district court need not discuss each factor set forth in § 3553(a) "in checklist fashion"; "it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." <u>United States v. Dean</u>, 414 F.3d 725, 729 (7th Cir. 2005) (internal quotation marks omitted). This court reviews the sentence for reasonableness, considering "the extent to which the sentence . . . comports with the various, and sometimes competing, goals of

§ 3553(a)." United States v. Moreland, 437 F.3d 424, 432-33 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).

Here, the district court sentenced Robinson below his properly calculated Guideline sentencing range. Despite Robinson's arguments, the record reveals that the district court considered the record, the presentence report, defense counsel's memorandum and argument in support of various departures, and the factors in § 3553(a). The district court enunciated each § 3553(a) factor it considered prior to imposing sentence on Robinson, and specifically referred to Booker at the resentencing hearing. The court stated that while it had considered Robinson and his family, the important factors it needed to consider were to protect the community, to show the seriousness of the offense, and to deter future criminal activity by Robinson. It rejected Robinson's requests for further departure. The district court noted that Robinson demonstrated much anger during the sentencing hearing, and recommended that Robinson be admitted to a mental health treatment program, as the Bureau of Prisons determined to be appropriate. It further included in its sentencing ruling that Robinson participate in a vocational/educational program, as well as a substance abuse program.

The record reveals that the district court was familiar with Robinson's history and background, it had sentenced Robinson originally, and it was familiar with the details of Robinson's case

from the initial sentencing hearing. Robinson's presentence report outlined his offense conduct and his criminal history. Finally, Robinson and his attorney took the opportunity to argue at length at resentencing in support of a shorter sentence and about the strength of the evidence against Robinson, providing additional information about the nature and circumstances of his circumstances and his offense prior to the district court's imposition of sentence.

We find that the district court here considered all the appropriate statutory and constitutionally mandated factors, as well as the information and arguments presented to it in the course of sentencing, and it explained its reasons for imposing a sentence below the Guidelines range in deciding Robinson's sentence. The district court fully complied with the mandates of <u>Booker</u> and <u>Hughes</u>, and find that Robinson's sentence was reasonable and not in violation of his Sixth Amendment rights. <u>See</u> <u>Green</u>, 436 F.3d at 456-58 (discussing standards to determine whether sentence is reasonable). <u>See</u> <u>generally</u> <u>United States v. Hill</u>, 70 F.3d 321, 324-25 (4th Cir. 1995).

Accordingly, we affirm Robinson's sentence. Given that Robinson is represented by counsel, we deny his motion to file a supplemental <u>pro</u> <u>se</u> brief, and further deny his motion to relieve his attorney. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED